WO

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS) LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Robinson v. GE Money Bank et al., CV 10-00630-PHX-JAT | **MDL 09-02119-PHX-JAT**<br>**CV 10-630-PHX-JAT**<br><br>**ORDER Re SUPPLEMENTAL BRIEFING** |

The Court will order supplemental briefing as specified below. Each brief may not exceed FIVE (5) pages. This five pages includes the caption and the signature and is <u>inclusive</u> of exhibits.

There are four ways to violate A.R.S. § 33-420(A); specifically, if a document recorded in the chain of title is:

1) forged;

2) groundless;

3) contains a material misstatement or false claim; or

4) is otherwise invalid.

In its mandate reversing this Court's dismissal of the consolidated amended complaint, the Court of Appeals held that Plaintiffs had stated a claim that "the documents at issue are invalid because they are 'robosigned (***forged***).'" *In re Mortgage Elec. Registration Sys., Inc.*, 754 F.3d 772, 783 (9th Cir. 2014) (emphasis added).

Plaintiffs make the following argument in response to the summary judgment motions:

> Defendants' attempt to characterize Plaintiff's criticism of the assignment as a claim that MERS has no interest in the note is misplaced. The false statement is related to the transfer of the note itself together with an interest in all monies to become due under the note. This is not the same as saying that MERS was transferring an interest in the note itself.

Doc. 2011 at 6.

The Court has tried to decipher what Plaintiffs are arguing by this sentence and how this relates to any allegation of forgery,[1] but the Court has been unsuccessful.

Accordingly,

**IT IS ORDERED** that the Robinson and Silvas Plaintiffs shall file a supplemental brief on the issues discussed above not to exceed five pages by April 25, 2016.  Any Defendant may each respond, in a brief not to exceed five pages, by April 29, 2016.

**IT IS FURTHER ORDERED** that the Clerk of the Court must file a copy of this Order in both the MDL case number and the one member case listed above.

Dated this 20th day of April, 2016.

James A. Teilborg
Senior United States District Judge

---

[1] To the extent by "false statement", which is not listed as a way to violate A.R.S. § 33-420, Plaintiffs are arguing a theory other than "forgery" and assuming (for purposes of this Order only) that such an argument would not be beyond the scope of the mandate, Plaintiffs must prove materiality.  Specifically, Plaintiffs mischaracterize this Court's prior order by stating that the Court held that Plaintiffs "do not need to prove materiality related to the documents." (Doc. 2011 at 9).  This Court did not hold this, and indeed could not, as the statute itself expressly requires that if the theory under which a plaintiff is proceeding is a "misstatement" such misstatement must be "material".  A.R.S. § 33-420.  In other words, all this Court held was that if a plaintiff is proceeding on a theory that a document is "forged", the plaintiff does not have to prove materiality. (*See* Doc. 1912 at 4).